UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-00282-FDW
(3:15-cr-00224)

| | |
|---|---|
| DAVID LEE YOUNG, II, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. § 2255 and Motion for Leave to File Memorandum of Law in Support of Petitioner's § 2255 Motion, filed on May 30, 2018. [Docs. 1, 2]. The Respondent has moved to dismiss the motion as untimely filed and barred by the statute of limitations. [Doc. 5]. For the reasons set forth below, the Court grants the Respondent's Motion to Dismiss.

**I.    PROCEDURAL HISTORY**

Petitioner David Lee Young, II ("Petitioner") pleaded guilty to three counts of transportation of child pornography and one count of possession of child pornography in violation of 18 U.S.C. § 2252A. [Doc. 1 at 1]. Judgment was entered against Petitioner on June 27, 2016 and the Court sentenced Petitioner to 132 months imprisonment. [Id.]. Petitioner filed a Notice of Appeal, which he moved to voluntarily dismiss. [Criminal Case No. 3:15-cr-224, Doc. 28]. The Fourth Circuit Court of Appeals dismissed the appeal on October 18, 2016. [Criminal Case No. 3:15-cr-224, Docs. 36, 37].

1

On May 30, 2018, Petitioner filed his § 2255 Motion to Vacate raising claims of ineffective assistance of counsel, illegal search and seizure, and lack of jurisdiction. [Doc. 1 at 2-7]. The Respondent moves for dismissal of the § 2255 motion on grounds that it was untimely filed, or in the alternative, because Petitioner's claims are conclusory, without merit, and waived. [Doc. 5]. This matter is now ripe for disposition.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255(a), a prisoner convicted of a federal offense may collaterally attack a conviction or sentence under the following four grounds: 1) the sentence was imposed in violation of the Constitution or laws of the United States; 2) the court was without jurisdiction to impose the sentence; 3) the sentence was in excess of the maximum authorized by law; or 4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act, which amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period for the filing of a motion to vacate. The one-year limitations period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### III.    DISCUSSION

####    A.    <u>**Statute of Limitations**</u>

The Respondent moves for dismissal of the § 2255 petition on grounds that it is barred by the one-year statute of limitations under 28 U.S.C. § 2255(f). [Doc. 5]. Although Petitioner filed a Notice of Appeal of his judgment and conviction, the appeal was dismissed on October 18, 2016 following Petitioner's motion for voluntary dismissal. [Criminal Case No. 3:15-cr-224, Docs. 36, 37]. As such, his judgment of conviction became final upon the dismissal of the appeal. See United States v. Sylvester, 2006 WL 695796, *3 (M.D. Pa. Mar. 17, 2006)(judgment of conviction becomes final upon voluntary dismissal of appeal); Clark v. United States, 2005 WL 8163495, *1 (E.D.N.C. Dec. 1, 2005)(judgment became final when appellate court granted petitioner's motion for voluntary dismissal of appeal). Petitioner therefore had one year from October 18, 2016 in which to seek § 2255 relief. Petitioner did not file his § 2255 motion to vacate until May 30, 2018. [Doc. 1], which was beyond the one-year statute of limitations.[1]

Upon initial review of Petitioner's § 2255 motion, the Court entered an Order directing Petitioner to address why the motion should not be dismissed as untimely and Petitioner filed his response on July 2, 2018. [Docs. 3, 4]. Petitioner requests the Court treat his § 2255 motion as timely because he claims he originally filed the motion on December 15, 2016. [Doc. 4 at 2]. Petitioner claims that his original § 2255 motion was timely submitted to his prior facility (FCI Ashland) and that he "had trouble with the mail services in the past due to being transferred from

---

[1] Some courts hold that where a notice of appeal is voluntarily dismissed, the judgment and conviction become final after the expiration of the 90-day period for seeking certiorari review. See Marshall v. Crosby, 2006 WL 568341, *2 (N.D. Fla. Mar.7, 2006)(concluding the defendant's judgment became final 90 days after appellate court granted motion for voluntary dismissal of his appeal). Petitioner's motion to vacate would still be untimely under this reasoning. An additional 90 days for seeking certiorari review after the dismissal of his appeal would have fallen on January 17, 2017, giving him until January 17, 2018 in which to file his § 2255 motion. Petitioner did not file his motion until May 30, 2018.

facility to facility due to medical issues" and "had problems with mail being lost in transfer or in the mailroom." [Doc. 4 at 3]. Petitioner further claims that Bureau of Prison policy requiring incoming mail to be subjected to extended inspections has caused mail to be delayed from reaching him for "periods ranging for a week to upwards of a month." [Doc. 4 at 4]. Petitioner states that by letter dated February 15, 2018, he inquired of the Clerk of Court as to the status of his § 2255 motion, to which the Clerk responded that there was no record of any § 2255 motion. [Id.]. Petitioner claims he then sent a copy of the original § 2255 motion to the Clerk of Court. [Id.].

On September 9, 2020 Petitioner filed a motion seeking an extension of time in which to submit a reply to the Respondent's Motion to Dismiss. [Doc. 6]. The Court granted the motion on April 12, 2021, giving Petitioner 30 days from the date of the order in which to submit his reply. [Doc. 7]. However, Petitioner failed to timely submit a reply.

Review of this Court's record reflects that the only document filed by Petitioner on December 15, 2016 was a motion to modify sentence pursuant to 18 U.S.C. § 3582, filed in his criminal case. [Criminal Case No. 3:15-cr-224, Doc. 38]. On May 16, 2017, Petitioner submitted a notice of change of address with the Clerk of Court and requested an update as to his § 3582 motion. [Criminal Case No. 3:15-cr-224, Doc. 39]. The Clerk of Court mailed a copy of the court docket sheet to Petitioner that same day. Petitioner submitted another notice of change of address on February 26, 2018 and requested an update as to the status of his § 3582 motion and 28 U.S.C. § 2255 motion. [Criminal Case No. 3:15-cr-224, Doc. 41]. The Clerk of Court once again mailed a copy of the docket sheet to Petitioner that same day. Petitioner later submitted a letter of inquiry to the Clerk of Court, docketed on April 30, 2018, stating that he did not see his § 2255 on the court docket and once again asking for a status update. [Criminal Case No. 3:15-cr-224, Doc. 44-1]. The Clerk of Court mailed Petitioner a blank § 2255 form that same day and notified him there

4

was no § 2255 motion filed in his case. Petitioner then filed his § 2255 motion with this Court on May 30, 2018. [Doc. 1].

Petitioner fails to demonstrate to this Court that his § 2255 motion was timely filed. His claim that he originally submitted his motion in December 2016 is conclusory and unsupported by any facts or evidence in the record. Petitioner inquired into the status of his § 3582 motion in May 2016 but made no mention of any § 2255 motion. [Criminal Case No. 3:15-cr-224, Doc. 39]. The Clerk of Court mailed a copy of the court docket sheet to Petitioner on May 16, 2017, at which point in time Petitioner was on notice that that no § 2255 motion had been filed and docketed with this Court. Despite this, Petitioner failed to take any action at that time with respect to his § 2255 motion. Petitioner was given another copy of the docket sheet at the end of February 2018. Petitioner fails to explain why he was unable to pursue his § 2255 motion after having been placed on notice in May 2017 that it was not on this Court's docket.

Petitioner's assertions regarding the prison mail and delays are conclusory and unsupported. While he claims there were delays with receipt of his mail, he fails to make any specific connection to any such delays and the untimely submission of his § 2255 motion. The Court also notes that while Petitioner purports to have re-submitted his "original" § 2255 motion with this Court, the motion filed on May 30, 2018 was signed and dated May 25, 2018. [Doc. 1]. The motion also references a "Memorandum of Law" which was also never docketed with this Court in 2016. Petitioner fails to demonstrate that he filed any § 2255 motion with this Court in December 2016 or before the expiration of the statute of limitations. As such, the motion is untimely and shall be dismissed.

5

Case 3:18-cv-00282-FDW   Document 8   Filed 09/14/21   Page 5 of 7

### B. Equitable Tolling

The Court further finds that Petitioner is not entitled to equitable tolling of the statute of limitations. To be entitled to equitable tolling, a petitioner must show (1) that he has diligently pursued his rights, and (2) that some extraordinary circumstance prevented the timely filing. Holland v. Florida, 560 U.S. 631, 649, 130 S. Ct. 2549, 177 L.Ed.2d 130 (2010). Equitable tolling of the § 2255(f) limitations period is only available in "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004).

Petitioner has not shown the existence of any evidence sufficient to warrant the equitable tolling of the statute of limitations in this matter. As discussed above, Petitioner was on notice from the Clerk of Court in May 2017 that no § 2255 motion was docketed on his behalf. Petitioner's claims regarding delays with prison mail are conclusory and unsupported and Petitioner fails to show he acted with due diligence in pursuit of his § 2255 motion. Petitioner presents no extraordinary circumstances that were beyond his control that prevented him from timely filing his § 2255 motion. As such, Petitioner is not entitled to equitable tolling and the § 2255 motion will be dismissed as untimely filed.

### C. Alternative Grounds for Dismissal

Respondent moves in the alternative for dismissal of Petitioner's § 2255 motion to vacate on grounds that Petitioner's claims are conclusory, without merit, and waived. [Doc. 5 at 10-18]. However, because the Court finds that Petitioner's § 2255 motion to vacate is untimely filed and subject to dismissal, it is unnecessary to address Respondent's alternative argument on the merits.

## IV. CONCLUSION

For the reasons stated herein, the Respondent's Motion to Dismiss [Doc. 5] is granted. The § 2255 motion to vacate is untimely and barred by the statute of limitations, and the Petitioner fails to establish that he is entitled to equitable tolling. Because the § 2255 motion shall be dismissed, Petitioner's Motion for Leave to File Memorandum of Law [Doc. 2] is denied as moot.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

(1). The Respondent's Motion to Dismiss filed on August 31, 2020 [Doc. 5] is **GRANTED** and the § 2255 Motion to Vacate, Set Aside or Correct Sentence [Doc. 1] is **DISMISSED** as untimely.

(2). The Petitioner's Motion for Leave to File Memorandum of Law [Doc. 2] is **DENIED** as moot.

(3). The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases.

**IT IS SO ORDERED**.

Signed: September 14, 2021

Frank D. Whitney
United States District Judge